JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIG KARAPETYAN, an individual; and PIRUZA KARAPETYAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:24-cv-04271-WLH-E<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [10]** |

No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15.  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing set for August 23, 2024, is **VACATED**.

Before the Court is Plaintiffs Haig Karapetyan and Piruza Karapetyan's (collectively, the "Karapetyans") Motion for Remand to State Court (the "Motion," Docket No. 10).  As set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

This is a lemon law case. On September 14, 2022, the Karapetyans purchased a 2023 Volkswagen Taos (the "Subject Vehicle") from Defendant Volkswagen Group of America, Inc. ("Volkswagen"). (Notice of Removal, Ex. A ("Compl."), Docket No. 1-1 ¶ 5). The Karapetyans made a down payment of $2,000 and signed a Retail Installment Contract (the "Installment Contract") under which they agreed to pay the remaining cost of the vehicle in installments of $567.31 per month, with the first payment due on October 29, 2022. (Decl. of Gohar N. Tahmizian, Ex. A, Docket No. 16-2 ("Installment Contract")). The total sale price of the Subject Vehicle is $49,654.04. (*Id.*).

While the car was still under warranty, the Karapetyans allege, "defects, malfunctions, misadjustments, and/or nonconformities" in the Subject Vehicle became apparent. (Compl. ¶¶ 10–11). The Karapetyans visited Volkswagen's authorized service and repair facility multiple times, but Volkswagen has failed to fix the defects. (*Id.* ¶ 12).

The Karapetyans initiated this action in Los Angeles Superior Court on April 12, 2024. (*See generally id.*). They bring three claims against Volkswagen under California's Song-Beverly Consumer Warranties Act (the "Song-Beverly Act"). (*Id.*). The Karapetyans seek "a refund for the [Subject] Vehicle," plus "civil penalties not to exceed two times Plaintiffs' actual damages as well as punitive damages" and "attorney's fees and costs as provided by the Song-Beverly Warranty Act." (Joint Rule 26(f) Report, Docket No. 11 at 5).

Volkswagen removed this case to federal court on May 23, 2024. (Notice of Removal, Docket No. 1). Volkswagen asserts that this Court has diversity jurisdiction because (1) the Karapetyans are citizens of California, while Volkswagen is a citizen of New Jersey and Virginia, and (2) the amount in controversy exceeds $75,000. (*Id.* ¶¶ 8–17). In calculating the amount in controversy, Volkswagen states,

   using the "Total Sale Price" of $49,654.04, Plaintiffs are seeking a civil penalty of up to $99,308.08 ($49,654.04 x 2). As such, Plaintiffs are seeking damages of at least $148,962.12 ($49,654.04 + $99,308.08) exclusive of Plaintiffs' unidentified incidental and consequential damages, as well as attorneys' fees and costs.

(*Id.* ¶ 15). Volkswagen also supplies examples of attorney's fees awards in other Song-Beverly Act cases to show that "the inclusion of any attorneys' fees puts the case well beyond the threshold amount." (*Id.* ¶ 16).

  The Karapetyans filed the instant Motion for Remand on June 27, 2024. They argue that Volkswagen has not met its burden to show that diversity jurisdiction exists in this case and the case must be remanded to the Superior Court.

## II. DISCUSSION

  In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court[.]" 28 U.S.C. § 1441(a). The removing party has the burden to show that removal is proper. *See, e.g.*, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) ("[T]he burden on removal rests with the removing defendant."). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c).

  "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation and quotations omitted). To meet this standard, the defendant must point to "allegations in the complaint and in the notice of removal" and provide "summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include 'damages

(compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016)).

Volkswagen has not met its burden to establish, by a preponderance of the evidence, that the amount in controversy requirement is met. First, Volkswagen's damages calculation is flawed. Volkswagen incorrectly frames the total sale price of the Subject Vehicle—$49,654.04—as the amount of actual damages the Karapetyans may recover. Volkswagen then multiplies the same total sale price by two to calculate the civil penalties the Karapetyans may recover under the Song-Beverly Act, to reach a total of "at least $148,962.12" in damages. Numerous courts have held, however, that the Song-Beverly Act provides for "restitution only of *actual* lease payments made by the lessee," but not "for the recovery of the full capitalized purchase price or current value of the lease by the lessee." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (emphasis added); *accord D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) ("The Court is not persuaded that actual damages here, where Plaintiff leased the car and has made only half the payments called for under a $33,480 lease, are close to the car's MSRP."); *Guzman v. Ford Motor Co.*, No. 821CV01655FWSADS, 2022 WL 2355199, at *5 (C.D. Cal. June 30, 2022) (collecting cases and granting remand motion where "Defendant did not adequately demonstrate the amount actually paid by Plaintiff but instead demonstrated the amount Plaintiff *should have* paid pursuant to their obligations under the 36-month Lease Contract") (emphasis in original).

Here, Volkswagen presents no evidence that the Karapetyans actually paid the total sale price. Rather, the Installment Contract shows that the Karapetyans made a down payment of $2,000 at the time they purchased the Subject Vehicle and that they would begin paying monthly installments of $567.31 on October 29, 2022. (Installment Contract). Assuming for the sake of argument that the Karapetyans paid in accordance with the Installment Contract, their actual lease payments amounted to less than

4

$13,000; thus, by Volkswagen's method of calculation, they would be entitled to less than $39,000 total in damages and civil penalties, which is well below the amount-in-controversy threshold.

Second, Volkswagen's estimate of the Karapetyans' recoverable attorney's fees is entirely speculative. Volkswagen cites two cases—*Goglin v. BMW of N. Am., LLC.*, 4 Cal.App.5th 462, 470 (2016) (awarding a $185,214.19 fee) and *Gezalyan v. BMW of N. Am., LLC.*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) (awarding a $50,404.34 fee)—to support the proposition that "[f]ee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial." (Notice of Removal ¶ 16). Yet Volkswagen makes no effort to explain why the fee awards in those cases would be similar to the recoverable attorney's fees in this case. As such, Volkswagen has not established that potential attorney's fees bring the amount in controversy over the $75,000 threshold.

### III.  CONCLUSION

Volkswagen has not met its burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The Motion for Remand is therefore **GRANTED**. This action shall be remanded to the Superior Court of the State of California for the County of Los Angeles.

The Clerk is directed to close this file.

**IT IS SO ORDERED.**

Dated: August 21, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE